

# NUMBER 13-23-00438-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALFREDO OROZCO,                                                                Appellant,

v.

MARY ARRINGTON,                                                                Appellee.

## ON APPEAL FROM THE 28TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS



## NUMBER 13-23-00442-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

ALFREDO OROZCO,                                                                    Appellant,

v.

JAKE WAWRZYNSKI,                                                                   Appellee.

## ON APPEAL FROM THE 28TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Silva
Memorandum Opinion by Chief Justice Contreras**

Appellant Alfredo Orozco, pro se, appeals two summary judgment motions rendered in favor of appellees Mary Arrington, in appellate cause number 13-23-00438-CV, and Jake Wawrzynski, in appellate cause number 13-23-00442-CV. Orozco argues the trial court erred in granting the summary judgment motions because Arrington and

Wawrzynski failed to timely comply with his discovery requests. We affirm the trial court's judgment in both appeals.

## I.    BACKGROUND

According to his pro se original petition, Orozco responded to a Craigslist advertisement listed by Wawrzynski for the sale of a home in Corpus Christi. The home was owned by Arrington and her husband, Daniel Arrington. On July 24, 2020, Orozco contracted with the Arringtons to purchase the property for $247,250. Orozco allegedly secured a promissory note for that amount from SA Homes TX, owned by Johnny Williams. Per the residential contract's "Seller Financing Addendum," Orozco paid Williams and SA Homes TX $2,530.16 per month from October 2020 to June 2021. At some point after June, Williams and SA Homes TX refused to accept payment, and Orozco was barred from entering the property.

On November 16, 2021, Orozco filed his pro se original petition against multiple defendants, including the Arringtons, Wawrzynski, Williams, and SA Homes TX. Orozco alleged that "[a] series of text messages exchanged between [him] and the [d]efendants clearly brings out that the [d]efendants were acting in concert in the fraud, negligent misrepresentation, breach of contract, unjust enrichment, tortious interference, civil conspiracy[,] and breach of fiduciary duties against [him]." The petition does not specify what the text messages said. Arrington and Wawrzynski filed separate answers and generally denied the allegations in Orozco's petition.

On June 26, 2023, and July 13, 2023, Wawrzynski and Arrington, respectively, each filed no-evidence motions for summary judgment. The trial court noticed a hearing on both motions for August 3, 2023. Orozco requested a continuance at the hearing, and

the hearing was reset for September 19, 2023. At the hearing on September 19, Arrington's counsel stated that she received Orozco's response on September 15, which she argued was untimely and "inadequate to defeat the no[-]evidence motion for summary judgment." She stated: "The only reported evidence attached to that response is simply [a] declaration of plaintiff. It doesn't raise any . . . genuine issue of material fact to any of the challenged elements."

Orozco argued that there was no evidence only because Arrington failed to answer his interrogatories, which he "requested . . . multiple times" throughout discovery. Arrington's counsel responded that she never received any interrogatories or other discovery requests from Orozco. Orozco then produced an email that Arrington's counsel was copied on, in which he wrote: "Defendant Mary Arrington has failed to reply to the discovery request to date, which we filed on 7/2/2022." Orozco alleged that neither Arrington nor her counsel replied to the email, and he sent Arrington's counsel another email on September 13, 2023, requesting that she answer his interrogatories. Arrington's counsel again responded that she had not received any written questions from Orozco, nor had Orozco provided proof that any questions were served on Arrington.

The trial court informed Orozco that if he could not show that he served Arrington "with discovery, by email, by mail, or some sort of proof that mail to them was provided with [his] discovery request," then the court could not "hold somebody responsible for not answering." Orozco responded that a document filed on August 1, 2023, included an email in which he stated: "Arrington may be sanctioned for failure to reply to the discovery request dated July 2, 2022[,] to date." The trial court stated that it would consider Orozco's September 15 summary judgment response when making its ruling.

4

The court heard next from Wawrzynski's counsel. His counsel stated that the parties had "gone through written discovery back and forth and revisions to such written discovery and there still hasn't been any production of any evidence from [Orozco]." Wawrzynski's counsel also stated that Wawrzynski "used to work for Johnny Williams, who may or may not be a realtor in the Corpus Christi area. . . . [B]ut [Wawrzynski] had almost zero involvement in this entire case."

Orozco stated that Wawrzynski answered his first set of interrogatories but contended that he did not answer a second set of interrogatories allegedly sent on February 23, 2023. After some back and forth, Wawrzynski's counsel stated that she responded to a second set of interrogatories on December 23, 2022, "via electronic filing manager" and email. Wawrzynski's counsel further stated she emailed the interrogatories again after receiving Orozco's response to the motion for summary judgment because he claimed in the response that she never gave them to him. Wawrzynski's counsel pulled up both emails for Orozco and the trial court to view. Orozco responded that he did not recall receiving that email and contended that in a separate email, which he did not provide to the trial court, Wawrzynski's counsel admitted she did not send him the second set of interrogatories.

The trial court asked Orozco if he had evidence to dispute Wawrzynski's motion for summary judgment. Orozco responded:

> [Wawrzynski] is the one that originally introduced me to Johnny Williams. He is the original one that I talked to. He is the one that posted that ad on Craigslist. He misled [me] that the owner of the property was a scrap yard owner in which he came to find out that it was [the Arringtons] . . . .
>
> [H]e established on his first set of interrogatories that he misled [me], I mean, it is very clear on his first set of interrogatories. That was . . . the

5

whole purpose for us to serve him on the second set because, I mean, he failed to answer some of the requests that we requested from him.

Orozco again contended that he had not received answers to the second set of interrogatories. The trial court informed Orozco that it would take the matter under advisement.

On September 25, 2023, the trial court granted Arrington's and Wawrzynski's motions for summary judgment, and the two defendants were severed from Orozco's underlying lawsuit. This appeal followed.

## II. DISCUSSION

### A. Standard of Review & Applicable Law

In a no-evidence summary judgment motion, the defendant must show that adequate time for discovery has passed, and the plaintiff has failed to produce any evidence to support one or more essential elements of a claim for which the plaintiff would bear the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). Once a no-evidence motion is filed, the burden shifts to the nonmoving party to present evidence that raises a genuine issue of material fact as to each element specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). When reviewing a no-evidence summary judgment, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered,

6

crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks*, 206 S.W.3d at 582.

## B.    Analysis

Orozco argues the trial court erred in granting Arrington's and Wawrzynski's no-evidence motions for summary judgment because both failed to timely comply with his discovery requests. He argues that Arrington's counsel and Wawrzynski's counsel "ma[de] false statements regarding [d]iscovery in [o]pen [c]ourt." He seemingly contends that Arrington's counsel lied when she said she had not received his requests for interrogatories, and Wawrzynski's counsel lied when she said she had responded to his second set of interrogatories. Orozco does not provide any legal authority for his argument. *See* TEX. R. APP. P. 38.1(i); *Gonzalez v. VATR Constr. LLC*, 418 S.W.3d 777, 783 (Tex. App.—Dallas 2013, no pet.) ("The failure to provide appropriate record citations or a substantive analysis waives an appellate issue."); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint.").

Assuming Orozco adequately briefed this issue, we find that Orozco failed to present evidence that raises a genuine issue of material fact on any of the elements of his claims. *See* TEX. R. CIV. P. 166a(i). Orozco's case had been pending for almost two years by the time the court held the hearing on Arrington's and Wawrzynski's no-evidence motions for summary judgment. Despite this time and a continuance granted on August 3, 2023, the record is devoid of any of the alleged evidence referenced in Orozco's original petition or at the hearing, such as the text messages from the defendants showing they

7

acted together to defraud him, Wawrzynski's interrogatories showing that he misled Orozco, the residential contract with the Arringtons for the property at issue, or any other document related to the purchase of the Corpus Christi home.

There is also no evidence in the record that Arrington or Wawrzynski failed to respond to Orozco's interrogatories.[1] *See Huston v. United Parcel Serv., Inc.*, 434 S.W.3d 630, 636 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ("The appellant bears the burden to bring forward on appeal a sufficient record to show the error committed by the trial court."); *see also Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal.") (per curiam). As noted, the interrogatories, any correspondence between the parties about said interrogatories, and the emails discussed at the summary judgment hearing do not appear in the appellate record. Nor does the record show that Orozco filed a motion to compel Arrington or Wawrzynski to comply with his discovery requests in the trial court. *See* TEX. R. CIV. P. 215.1(b); *In re Marriage of Bivins*, 393 S.W.3d 893, 902 (Tex. App.—Waco 2012, pet. denied) ("Where there are objections to discovery, the party seeking discovery can either file a Motion to Compel or seek a ruling on [the] objections.").

Because Orozco failed to produce evidence to support one or more essential elements of each of his claims, the trial court did not err when it granted Arrington's and

---

[1] On September 26, 2024, Orozco filed a reply brief in appellate cause number 13-23-00442-CV. In it, he attached "the Relevant Extract of Case Information" from his underlying lawsuit in the trial court, cause number 2021DCV-4470-A, and an email from Wawrzynski's counsel. "Documents attached to a brief as an exhibit or appendix, but not appearing in the appellate record, cannot be considered on appellate review." *Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 773–74 (Tex. App.—El Paso 2015, no pet.) (citing *Warriner v. Warriner*, 394 S.W.3d 240, 254 (Tex. App.—El Paso 2012, no pet.)). Because this evidence does not appear in the appellate record, we may not consider it.

Wawrzynski's no-evidence motions for summary judgment. *See* TEX. R. CIV. P. 166a(c);

*KCM Fin. LLC*, 457 S.W.3d at 79. We overrule Orozco's sole issue.[2]

### III. CONCLUSION

In both appeals, we affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
31st day of October, 2024.

---

[2] On July 3, 2024, Wawrzynski filed "Appellee's TRAP Rule 38.8(a)(3) Brief." We construe the brief as containing three motions: a motion to sanction Orozco, a motion to dismiss the appeal for want of prosecution, and a motion to affirm the trial court's judgment without examining the record. *See* TEX. R. APP. P. 38.8(a)(1), (a)(3) (stating that if an appellant fails to timely file a brief, the appellate court may "dismiss the appeal for want of prosecution, unless the appellant reasonably explains the failure and the appellee is not significantly injured by the appellant's failure to timely file a brief," or "the court may regard [the appellee's] brief as correctly presenting the case and may affirm the trial court's judgment upon that brief without examining the record"). We do not find Orozco's appeal particularly egregious, and we decline to sanction him in this case. *See Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co.*, 164 S.W.3d 438, 448 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("We impose sanctions only under those circumstances we find truly egregious."). We therefore deny Wawrzynski's motion to sanction Orozco, and we deny Wawrzynski's other two motions as moot.

On October 1, 2024, Arrington's trial counsel filed a motion to withdraw with this Court. We grant counsel's motion to withdraw.